1  David A. Fike (#95325)
   FIKE & BORANIAN
2  401 Clovis Avenue, Suite 208
   Clovis, California 93612
3  Telephone:  (559) 229-2200
   Facsimile:   (559) 225-5504
4
   Attorneys for Moving Defendants
5

6

7

8                    **UNITED STATES DISTRICT COURT**

9          **EASTERN DISTRICT OF CALIFORNIA- FRESNO DIVISION**

10  EDWARD WARKENTINE, an individual;   )   Case No.  1:13-CV-01550-LJO-MJS
    and DANIEL TANKERSLEY, an individual,  )
11                                       )
                   Plaintiffs,           )   **MEMORANDUM OF POINTS AND**
12                                       )   **AUTHORITIES IN SUPPORT OF**
           vs.                           )   **DEFENDANTS' MOTION TO DISMISS**
13                                       )
                                         )
14  HECTOR J. SORIA; DAN GRASSERAND;     )
    JOHNNY A. LEMUS; HECTOR             )   Date:          March 11, 2014
15  LIZARRAGA; KRISTAL CHOJNACKI;        )   Time:          8:30 a.m.
    GERRY GALVIN; FRANCISCO              )   Courtroom:     4
16  AMADOR; JOSEPH R. AMADOR; LEO       )
    CAPUCHINO; JOHN FLORES; ROBERT      )   Hon. Lawrence J. O'Neill
17  SILVA; CITY OF MENDOTA; JOSEPH      )
    RIOFRIO; BRYCE ATKINS; KORINA       )
18  ZAMORA; MARTIN HERNANDEZ;           )
    SMITTY'S TOWING & AUTO              )
19  DISMANTLING; ABRAHAM GONZALEZ;      )
    FELIPE GONZALEZ; GONZALEZ           )
20  TOWING & TIRE SHOP; and DOES 1      )
    through 20, inclusive,              )
21                                       )
                   Defendants.           )
22                                       )
                                         )
23

24       Defendants, CITY OF MENDOTA, HECTOR J. SORIA, DAN GRASSERAND,

25  JOHNNY A. LEMUS, HECTOR LIZARRAGA, KRISTAL CHOJNACKI, GERRY GALVIN,

26  FRANCISCO AMADOR, JOSEPH R. AMADOR, LEO CAPUCHINO, JOHN FLORES,

27  ROBERT SILVA, JOSEPH RIOFRIO, BRYCE ATKINS, and KORINA ZAMORA, submit

28  the following memorandum of points and authorities in support of their motion to dismiss:

-1-

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

# I. INTRODUCTION

Plaintiffs complaint brought against the City of Mendota and 14 past and present city officials alleges claims for violations of 42 U.S.C. Section 1983 based on certain municipal code enforcement and nuisance abatement actions taken by the City against real property owned by plaintiffs in the City of Mendota.

In this motion the City of Mendota and the joining individual defendants contend that the complaint fails to allege facts that plausibly set forth a claim for <u>Monell</u> liability against the City under 42 U.S.C. § 1983. In addition to the arguments raised by the City, this motion seeks dismissal on behalf of the 14 individual past and present City Defendants who are being sued in their official capacities and argues: (1) the official capacity claims against the individual City Defendants should be dismissed as duplicative of the claims being sought against the City; (2) there are insufficient allegations to support any of the claims asserted against them individually, and therefore such claims should be dismissed.

# II. SUMMARY OF ALLEGATIONS OF THE COMPLAINT

In August 2010 the City of Mendota ("City") served a notice to abate a public nuisance on plaintiffs, seeking the removal of inoperative vehicles from real property owned by plaintiffs. (Complaint ¶ 30) Plaintiffs requested a hearing in response to the 2010 abatement notice. (Complaint ¶ 32)  In November 2010, City served a notice of hearing on plaintiffs. (Complaint ¶ 33) At the hearing evidence was introduced regarding the public nuisance problems on a number of parcels owned by plaintiffs. (Complaint ¶ 35) Plaintiffs objected to lack of notice of the problems on some of the parcels but the hearing proceeded over their objection. (Complaint ¶ 37)

On March 30, 2011 the City issued written findings wherein a nuisance was found to exist on each of the parcels owned by plaintiffs, said nuisance consisting of junk, trash, weeds, debris, and inoperative vehicles. (Complaint ¶ 38) The written findings were accompanied by a decision directing that the accumulated materials, junk and trash, as well as inoperative vehicles were to be removed from the properties within 30 days. (Complaint ¶ 39)

After plaintiffs failed to abate the nuisance as directed in the decision, the City

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

1  conducted abatement activities on one of the properties owned by Plaintiff Tankersley, APN

2  013-152-27s, however, it is alleged their removal efforts exceeded the scope of the abatement

3  decision. (Complaint ¶¶ 40, 41) It is alleged that City failed to provide any notice to plaintiffs

4  where they could recover valuable personal property. (Complaint ¶ 42)  Plaintiffs allege that

5  Defendants took property for their own personal purposes and destroyed or disposed of it

6  without giving plaintiffs the opportunity to re-claim the property. (Complaint ¶ 43)

7       In April 2012 City obtained an Inspection and Abatement Warrant from the Fresno

8  County Superior Court authorizing entry upon parcels owned by Plaintiffs and authorizing

9  abatement of various nuisance conditions. (Complaint ¶ 45) Plaintiffs allege that the warrant

10  was improperly posted and served on plaintiffs. (Complaint ¶ 47)  Defendants thereafter began

11  removing junk, debris, and inoperable vehicles from the properties, but also allegedly removed

12  personal property that exceeded the scope of the warrant. (Complaint ¶¶ 48, 49)  It is alleged

13  that Defendants failed to give proper post-deprivation notice to plaintiffs and took possession

14  of property for their personal use and destroyed or disposed of property without giving notice

15  to plaintiffs. (Complaint ¶¶ 51, 52)

16       It is alleged that the City either 1) lacks a policy governing post-deprivation notice, or

17  2) endorsed an official policy of refusing to give post-deprivation notice, or 3) if the City has a

18  policy requiring post-deprivation notice and the opportunity to reclaim property, it deliberately

19  violated that policy in this case. (Complaint ¶ 53)

20       Plaintiffs allege that they have been treated differently than those similarly situated with

21  respect to the application of the City's zoning ordinance by allowing defendants Smitty's

22  Towing and Gonzales Towing to operate junk and auto dismantling yards in an M-1 zone.

23  (Complaint ¶ 60)

24                    **III. ARGUMENT**

25  **A.    Standard on Motion to Dismiss**

26       Courts should dismiss a complaint for failure to state a claim when the factual

27  allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic

28  Corp. v. Twombly, 550 U.S. 544, 555 (2007) [the complaint's allegations must "plausibly

-3-
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

1  suggest" that the pleader is entitled to relief]; <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)

2  [under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere

3  possibility of misconduct]. "The plausibility standard is not akin to a 'probability requirement',

4  but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678.

5          Thus, threadbare recitals of the elements of a cause of action, supported by mere

6  conclusory statements, do not suffice. Id. at 678; <u>Twombly</u>, 550 U.S. at 555 [stating that to

7  survive a motion to dismiss, a plaintiff must provide "more than labels and conclusions, and a

8  formulaic recitation of the elements of a cause of action will not do"]. Such claims should not

9  be disregarded because they are "unrealistic or nonsensical," but because they are simply legal

10  conclusions, even if they "are cast in the form of a factual allegation." <u>Moss v. U.S. Secret</u>

11  <u>Service</u>, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible

12  claim for relief [is]...a context-specific task that requires the reviewing court to draw on its

13  judicial experience and common sense." <u>Iqbal</u>, 556 U.S. at 679. Even if a plaintiff's specific

14  factual allegations may be consistent with a constitutional claim, the court must assess whether

15  there are other "more likely explanations" for a defendant's conduct. <u>Id</u>. at 681.

16  **B.      Plaintiffs Fail To State A Claim For Monell Liability**

17          **1.      Plaintiffs Fail To Allege An Official Policy**

18          The law is clear that a municipality cannot be liable under § 1983 on a *respondent*

19  *superior* theory simply because it employs someone who deprives another of constitutional

20  rights. Rather, liability only attaches where the municipality itself causes the constitutional

21  violation through a "policy or custom, whether made by its lawmakers or those whose edicts or

22  acts may fairly be said to represent official policy." <u>Monell v. Department of Soc. Servs</u>., 436

23  U.S. 658, 694 (1978). Therefore, municipal liability in a § 1983 case may be premised upon:

24  (1) an official policy; (2) a "longstanding practice or custom which constitutes the standard

25  operating procedure of the local government entity;" (3) the act of an "official whose acts fairly

26  represent official policy such that the challenged action constituted official policy"; or (4)

27  where "an official with final policy-making authority delegated that authority to, or ratified the

28  decision of, a subordinate." <u>Price v.Sery</u>, 513 F.3d 962, 966 (9th Cir. 2008).

-4-
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

1      However, "[t]he existence of a policy, without more, is insufficient to trigger local

2  government liability ..." <u>Oviatt v. Pearce</u>, 954 F.2d 1470, 1477 (9th Cir. 1992). To maintain a

3  section 1983 claim against a local government, a plaintiff must establish the policy or custom

4  was the "moving force" behind the constitutional deprivation. <u>Monell</u>, 436 U.S. at 691-694.

5  Stated differently, plaintiff must demonstrate that a defendant's policy was "closely related to

6  the ultimate injury." <u>City of Canton, Ohio v. Harris</u>, 489 U.S. 378, 391 (1989). Thus, even if

7  plaintiffs were to somehow establish a constitutional violation under 42 U.S.C. Section 1983,

8  they must still prove that a municipal policy or custom caused their alleged injury.

9      In their complaint, plaintiffs allege generally and in the alternative that the City of

10  Mendota either 1) lacks a policy governing notice to owners of personal property removed

11  during abatement proceedings of such owners' rights with regard to disposition of such

12  property; or 2) endorses a policy of refusing to give such notice, or 3) that if it has such a policy

13  requiring such post-deprivation notice, it deliberately violated it. (Complaint ¶ 53)

14      Such allegations are insufficient to establish liability under <u>Monell</u>. In order to be

15  sufficient for purposes of Rule 12(b)(6), allegations of <u>Monell</u> liability must: 1) identify the

16  challenged policy/custom; 2) allege how the policy/custom is deficient; 3) allege how the

17  policy/custom caused the plaintiff harm; and 4) show how the policy/custom amounts to

18  deliberate indifference. <u>Young v. City of Visalia</u>, 687 F. Supp. 1155, 1163 (E.D. Cal. 2010).

19  Here, the plaintiffs fail to identify the challenged policy; instead, plaintiffs simply allege in the

20  alternative that the City either has no policy governing notice to property owners, or, if it has

21  such a policy, it intentionally violated it. Such allegations are insufficient since they not only

22  fail to identify just what the City's policy is, but they also fail to allege that the City actually

23  has any official policy in this regard.

24      **2.      Longstanding Practice or Custom.**

25      The complaint also fails to allege sufficiently <u>Monell</u> liability based upon a

26  longstanding practice or custom, because the complaint concerns only one instance of

27  purportedly unconstitutional conduct, namely, the City's abatement proceedings: the cleanup

28  that resulted in the removal of plaintiffs' property from the offending parcels. "A single

constitutional deprivation ordinarily is insufficient to establish a longstanding practice or custom." Christine v. Iopa, 175 F.3d 1231, 1235 (9th Cir. 1999). Municipal liability is only appropriate where a plaintiff has shown that a constitutional deprivation was directly caused by a municipal policy. Oviatt v. Pearce, 954 F.2d 1470, 1477-78 (9th Cir.1992).

A plaintiff cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident or unconstitutional action by a non-policymaking employee. Davis v. City of Ellensburg, 869 F.2d 1230, 1233 (9th Cir.1989). A longstanding practice or custom is one that is so "persistent and widespread" that it constitutes a "permanent and well settled" governmental policy. Trevino v. Gates, 99 F.3d 911, 918 (9th Cir.1996) Here, the complaint fails to allege facts which would plausibly suggest a "persistent and widespread" course of conduct on the part of the City in carrying out its nuisance abatement process.

### 3.    Official Policymaker

Monell liability may also attach where "the individual who committed the constitutional tort was an official with final policy-making authority and the challenged action itself thus constituted an act of official governmental policy…." Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992). "Whether a particular official has final policy-making authority is a question of state law." *Id*. Here, however, the complaint fails to allege any facts to suggest that any individual official with final policy-making authority committed a constitutional violation. Instead, without naming any defendant in particular, the complaint simply alleges throughout that "the Defendants" undertook the described nuisance abatement actions which resulted in the removal and disposition of certain personal property from the parcels owned by plaintiffs. Therefore, the complaint again fails to set forth the requisite act of official government policy.

### C.    The Official Capacity Claims Against The Individual Defendants
### Should Be Dismissed

In Paragraphs 5-18 of the complaint, as to each individual defendant, plaintiffs allege that each was "at all relevant times" acting in their official capacity. In paragraph 25 of the complaint, although plaintiffs allege that the individual defendants are being sued in their individual capacities, it is alleged that "all were acting under the color of state law when

-6-

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

1    undertaking their below-alleged intentional wrongdoing." Thus, it appears clear that plaintiffs

2    allege that the individual City defendants are being sued in their official capacities. However,

3    claims under Section 1983 against government officials in their official capacities are in reality

4    suits against the governmental employer because the employer must pay any damages awarded.

5    Butler v. Elle, 281 F.3d 1014, 1023 (9th Cir. 2002.  Where both the public entity and a

6    municipal officer are named in a lawsuit, a court may dismiss the individual named in his

7    official capacity as a redundant defendant. Hernandez v.City of Napa, 781 F. Supp. 2d 975,

8    1001 (N.D. Cal. 2011). Accordingly, the individual Defendants' motion to dismiss the

9    complaint as to official capacity claims against them should be granted, since all of the moving

10   individual defendants are past or present employees or officials of the City of Mendota and

11   bare being sued in their official capacities as such. Such claims are redundant and amount to

12   mere surplusage.

13   **D.      The Allegations Against the Individual Defendants Are Insufficient**

14           Under Section 1983, a plaintiff must demonstrate that each defendant personally

15   participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.

16   2002). This requires the presentation of factual allegations sufficient to state a plausible claim

17   for relief. Iqbal, 556 U.S. at 678; Moss, supra, 572 F.3d at 969. The mere possibility of

18   misconduct falls short of meeting this plausibility standard. Id.

19           Since a government official cannot be held liable under a theory of vicarious liability in

20   Section 1983 actions, plaintiffs must plead sufficient facts showing that the government official

21   has violated the Constitution through his own individual actions. Monell, supra, at 675. In other

22   words, in order to state a claim for relief under Section 1983, plaintiff must link each named

23   individual defendant with some affirmative act or omission that demonstrates a violation of

24   plaintiff's federal rights. In addition, the Ninth Circuit has emphasized that the pleading of

25   individual liability is subject to the Iqbal standards. Chavez v. United States, 2012 U.S. App.

26   LEXIS 12555 (9th Cir. 2012).

27           Here, the allegations in the Complaint fail to link any individual defendant to the

28   alleged constitutional violations. Instead, plaintiffs apparently simply attribute the alleged

-7-

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

conduct on the part of the City to the individual defendants without explaining how each individual defendant  participated in any violation of plaintiffs' rights. Plaintiffs must establish legal liability of each person or entity for the claimed violation of his constitutional rights. Sweeping conclusory allegations will not suffice. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988)

Plaintiffs must instead set forth specific facts as to each individual defendant's deprivation of protected rights. Jones, supra, 297 F.3d at 934. Here, the complaint fails to allege what any of the individual defendants did to participate in any alleged deprivation beyond carrying out their official functions in their official capacities.

Since plaintiffs are asserting constitutional violations and seeking punitive damages against fourteen individual past and present City officials. Plaintiffs should be required to allege each individual's participation in the constitutional violation beyond their participation in their official capacities. Moreover, since they are apparently pursuing individual liability against them, they should be required to allege willful conduct taking place outside their scope of employment. Here, there are no allegations that any of the individual defendants did anything outside of the course and scope of their employment.

**E.     Fifth Amendment Due Process Claim Should Be Dismissed.**

Count One of the complaint purports to allege a due process violation under the Fifth Amendment. It is well established that a plaintiff cannot advance a Fifth Amendment due process claim against a local government entity or its employees, because the due process and equal protection components of the Fifth Amendment apply only to the federal government. Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir. 2001). Accordingly, the Fifth Amendment Due Process claim should be dismissed.

**F.      The Federal Takings Claim is Not Ripe**

Count Three of the complaint alleges that Defendants took Plaintiffs' property without just compensation in violation of the Fifth and Fourteenth Amendments of the United States Constitution. (Complaint ¶ 79) In general, a takings claim must be exhausted in state court before it may be brought in federal court.  A takings claim is not ripe until the plaintiff has

-8-

1    pursued all available remedies under state law and has been denied just compensation.

2    Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172,

3    195 (1985). This requirement applies to physical as well as regulatory takings. McKenzie v.

4    City of White Hall, 112 F.3d 313, 316-7 (8th cir. 1997); Daniel v. County of Santa Barbara, 288

5    F.3d 375, 382 (9th Cir. 2002).

6        Here, the State of California provides an adequate remedy for takings violations. The

7    California Constitution prohibits the taking of private property for public use without just

8    compensation, and California State Courts have long allowed recovery through suits for

9    inverse condemnation. See California Constitution, Art. I, Sec. 19; Code of Civil Procedure

10   Sections 1230.010, et seq. The Complaint contains no allegation that plaintiffs have availed

11   themselves of any State procedure and were denied just compensation under such a procedure.

12   Unless and until Plaintiffs avail themselves of this remedy under California law, their takings

13   claim is not ripe and should be dismissed. Jones Intercable of San Diego, Inc. v. City of Chula

14   Vista, 80 F.3d 320, 324 (9th Cir. 1996).

15   **G.      Plaintiffs Fail to State A Claim For Violation Of The Equal**

16   **Protection Clause Under The Fourteenth Amendment**

17   **1. Plaintiffs are not a Protected Class**

18       There are two methods by which a plaintiffs can establish a violation of their equal

19   protection rights. First, if a member of a protected class, a plaintiff may allege that the

20   defendant acted with an intent or purpose to discriminate against the plaintiff based upon

21   membership in a protected class. Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.

22   2001). Here, however, no facts are alleged that would support a finding that plaintiffs are

23   members of a protected class.

24       Second, where the acts in question do not involve a protected class, a plaintiff can

25   establish a "class of one" claim by alleging that he "has been intentionally treated differently

26   from others similarly situated and that there is no rational basis for the difference in treatment."

27   Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Plaintiffs apparently attempt to

28   allege such a "class of one" claim.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**2. Plaintiffs Cannot Satisfy The Requisite Elements Of A "Class Of One" Claim**

In order to succeed on a 'class of one claim', the level of similarity between plaintiffs and the person with whom they compare themselves must be extremely high. Neilson v. D'Angelis, 409 F.3d 100, 104 (2d Cir. 2005). Thus, plaintiffs must demonstrate that the government is treating unequally those individuals who are prima facie identical in all material respects. Albiero v. City of Kankakee, 246 F.3d 927, 932 (7th Cir. 2001). The Second Circuit indicated that a "class of one" plaintiff, in meeting this element, must establish (1) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (2) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendant acted on the basis of a mistake. Neilson, supra, 409 F.3d at 105; see also Solis v. City of Fresno, 2012 U.S. Dist. LEXIS 33548 (E.D. CA. 2012).

In paragraph 60 of the complaint, Plaintiffs attempt to compare themselves to two other named defendants, Smitty's Towing and Gonzales Towing, however, they fail to allege the requisite degree of similarity ie., how they are similarly situated with these defendants.

In Ruston v. Town Board for Town of Skaneateles, 610 F.3d 55, 60 (2d Cir. 2010) the Second Circuit upheld the dismissal of plaintiffs' claim against the defendant town for failure to set out specific examples of similarly situated individuals and differing treatment. Bare allegations that 'other' applicants, even 'all other' applicants, were treated differently do not state an equal protection claim..."]; Hamer v. El Dorado County, 2011 U.S. Dist. LEXIS 20436 (E.D. CA. 2011).

Thus, although a "class of one" allegation removes the requirement that a plaintiff belong to a protected class, it does not impact the requirement that the plaintiff must identify similarly situated individuals who have been treated differently. Here, plaintiffs' allegations are conclusory; they do not specifically state how they are similarly situated as the other named defendants or how they have been treated differently.

////

-10-

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

1

### 3. Plaintiffs Fail to Allege the Lack of a Rational Basis

2   The second criterion to a "class of one" equal protection claim requires a plaintiff

3 to demonstrate that "there is no rational basis for the difference in treatment." Olech, supra, 528

4 U.S. at 564. As the Supreme Court stated in Bd. of Trustees of Univ. of Ala.v. Garrett, 531 U.S.

5 356, 367 (2000), ". . . the burden is upon the challenging party to negate 'any reasonably

6 conceivable state of facts that could provide a rational basis for the classification.'" The Ninth

7 Circuit has repeatedly held that the rational-basis inquiry is "highly deferential" and "a very

8 lenient one." Hotel & Motel Ass'n of Oakland v. City of Oakland, 344 F.3d 959, 970 (9th Cir.

9 2003).  Governmental action only fails rational basis scrutiny if no sound reason for the action

10 can be hypothesized. The test for determining whether one was denied equal protection of the

11 laws is the same as the standard determining whether he was denied due process--the City's

12 actions should be upheld if they bear a rational relationship to a legitimate state interest. Thus,

13 in this case, the question is whether the decision to abate the offending nuisances was itself

14 rationally related to the promotion of the public health, safety or welfare. Nelson v. City of

15 Selma, 881 F.2d 836, (9th Cir. 1989).

16   Even assuming that plaintiffs were treated differently from others similarly situated,

17 Plaintiffs have failed to allege that there was no rational basis for the alleged difference in

18 treatment. Here, the enforcement of the municipal code violations through nuisance abatement

19 procedures can be justified for numerous reasons, including aesthetics, sanitation, public health

20 and safety. Courts have repeatedly held that such considerations are rational and permissible

21 bases for land use restrictions and the cleanups can be justified for numerous reasons, including

22 aesthetics, sanitation, public health and safety.  Davison v. City of Tucson, 924 F. Supp. 989,

23 993 (D. Ariz. 1996). Thus, plaintiffs' equal protection claim is subject to dismissal.

24

### CONCLUSION

25   The complaint fails to state facts sufficient to support a claim for Monell liability

26 against the City since it fails to allege the existence of an official policy, longstanding practice

27 or custom, or the existence of an official with final policy-making authority. The claims against

28 the individual defendants in their official capacity should be dismissed as duplicative of the

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

1 | claims against the City, and as insufficient to state a claim against such individual defendants

2 | for the failure to allege any acts taken in their individual capacities. The Fifth Amendment due

3 | process claim should be dismissed as being inapplicable to local government action. The

4 | federal taking claim should be dismissed as not ripe for decision as the result of the failure to

5 | pursue available state remedies, and the equal protection claim should be dismissed for the

6 | failure to adequately allege a class of one equal protection claim or the lack of a rational basis

7 | for the alleged classification.

8 | Respectfully submitted,

9 | Dated:  February 5, 2014                    **FIKE & BORANIAN**

10 |

11 | /s/ David A. Fike
David A. Fike, Attorneys for Defendants

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**