1  G. DAVID ROBERTSON, ESQ.
   California State Bar No. 111984
2  ROBERTSON & BENEVENTO
   Bank of America Plaza
3  50 West Liberty Street, Suite 600
   Reno, Nevada  89501
4  Telephone No. (775) 329-5600
   Facsimile No.  (775) 348-8300
5  Attorneys for EDWARD WARKENTINE
   and DANIEL TANKERSLY
6
7                    UNITED STATES DISTRICT COURT
8            EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION
9

10 | EDWARD WARKENTINE, an individual; and DANIEL TANKERSLY, an individual, | CASE NO.: 1:13-CV-01550-LJO-MJS |
|---|---|
| Plaintiffs, | **PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER FOR PUBLICATION OF SUMMONS, OR, IN THE ALTERNATIVE, FOR ENLARGEMENT OF TIME TO SERVE SUMMONS AND COMPLAINT; PROPOSED ORDER** |
| v. | |
| CITY OF MENDOTA; KRISTAL CHOJNACKI; GERRY GALVIN; HECTOR LIZARRAGA; JOHNNY A. LEMUS; FRANCISCO AMADOR; JOSEPH R. AMADOR; LEO CAPUCHINO; JOHN FLORES; DAN GRASSERAND; HECTOR J. SORIA; ROBERT SILVA; JOSEPH RIOFRIO; BRYCE ATKINS; KORINA ZAMORA; MARTIN HERNANDEZ; SMITTY'S TOWING & AUTO DISMANTLING; ABRAHAM GONZALEZ; GONZALEZ TOWING & TIRE SHOP; AND DOES 1 through 20, inclusive, | |
| Defendants. | |

Plaintiffs hereby submit this Ex Parte Application for an Order for Publication of Summons, or, in the Alternative, for Enlargement of Time to Serve Summons and Complaint pursuant to Fed. R. Civ. P. 6(b) and Eastern District L.R. 144 ("Application"). The Plaintiffs have previously received one extension of time for service in this case, but as the Court will see below, service by publication is now appropriate as to one defendant, Martin Hernandez – the *only* defendant who has not been served or voluntarily appeared in the action.

////

1    Pursuant to FRCP 4(e), an individual may be served by: "(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

4    In California, pursuant to Cal. Civ. Proc. Code § 415.50(a), "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that . . . [a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action . . . ."

9    In the present case, the Plaintiffs have effectively served eighteen (18) of the nineteen (19) Defendants. Using more than reasonable diligence, however, the Plaintiffs have not been able to serve Defendant Martin Hernandez ("Defendant Hernandez"). Indeed, the Plaintiffs have pursued every lead possible to find information on Defendant Hernandez, and, as will be shown below, all of those leads have turned to dead ends.

14   The Plaintiffs believe that Defendant Hernandez had an ownership interest in Smitty's Towing & Auto Dismantling ("Smitty's") and that he personally participated in the unlawful removal of many of the Plaintiffs' vehicles and other personal property as alleged in the Complaint. (*See* Affidavit of Kirk C. Johnson in Support of Plaintiffs' Ex Parte Application ("Johnson Aff.") at ¶¶ 3,5.)

19   Accordingly, the Plaintiffs attempted to serve Defendant Hernandez at Smitty's, but Plaintiffs' process server informed the Plaintiffs that he no longer worked with that entity. (*See* Declaration of Kimberlee A. Hill in Support of Plaintiffs' Ex Parte Application ("Hill Dec.") at ¶ 3.)

22   Unfortunately, the Plaintiffs have no identifying information (e.g., former address, telephone number, social security number, etc.) for Defendant Hernandez that would enable them to locate him. (*See* Johnson Aff. at ¶ 4.)

25   To find identifying information for Defendant Hernandez, the Plaintiffs ran a TLOxp® people search, which was unsuccessful. (*See* Hill Dec. at ¶ 4.) The Plaintiffs further inquired into the possibility of running a skip trace on Defendant Hernandez, but D&T Legal Services informed

the Plaintiffs that such a search would not work without some personal identifying information. (*See* Hill Dec. at ¶¶ 5-6.)

Finally, the Plaintiffs conducted public record searches and contacted the City of Mendota by telephone in an attempt to locate information on Defendant Hernandez. However, the Plaintiffs' efforts were unsuccessful. (*See* Hill Dec. at ¶ 7.)

Because the Plaintiffs' more straightforward efforts to locate information were not working, the Plaintiffs pursued alternative leads to try to locate Defendant Hernandez. The Plaintiffs started by pulling a report on Smitty's from the Better Business Bureau, which listed a "Martin Lopez" as the "Owner" of Smitty's. This same report identified "Rosario Lopez" as the "Customer Contact" for Smitty's. Having no other information on *Martin* Hernandez (or *Martin* Lopez), the Plaintiffs endeavored to locate Rosario Lopez with the hope that she could lead the Plaintiffs to Defendant Hernandez. (*See* Johnson Aff. at ¶6.)

To that end, the Plaintiffs pulled a "Business Report" for Rosario Lopez that identified her as doing business as "Smitty's Towing & Auto Dismantling." Unfortunately, however, it appears that Ms. Lopez no longer has any ownership interest in that business. (*See* Johnson Aff. at ¶7.)

From that same Business Report, the Plaintiffs learned that Rosario Lopez filed a Chapter 7 bankruptcy in the Eastern District of California in January 2013. Accordingly, the Plaintiffs obtained copies of her petition and schedules that included a residential address for Ms. Lopez. Using that address, Plaintiffs obtained what they believe is a current telephone number for Ms. Lopez. (*See* Johnson Aff. at ¶8.)

Plaintiffs called and left a message for Ms. Lopez advising her of their search for Defendant Hernandez, but she has not returned Plaintiffs' call to date. (*See* Johnson Aff. at ¶9.)

In sum, therefore, the Court can see that the Plaintiffs pursued all leads to locate and serve Defendant Hernandez. However, their more than reasonable diligence was unsuccessful, and all leads have turned to dead ends. Accordingly, service by publication is proper under Cal. Code Civ. Proc. § 415.50(a), and this Court should grant the Plaintiffs' Application. *See, e.g., Grant v. Superior Court*, 90 Cal. App. 4th 518, 522 (Cal. App. 6th Dist. 2001).

Should the Court find that service by publication is inappropriate, however, the Plaintiffs request an additional 60 days for service.

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . ."  FRCP 6(b)(1). The Court has wide discretion to grant an enlargement of time when the moving party has demonstrated some justification. *Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 795 (9th Cir. 1996); *Ginett v. Federal Express Corp.*, 166 F.3d 1213 at 5* (6th Cir. 1998). Enlargement will typically be granted so long as the moving party has not demonstrated bad faith or the opposing party will not be prejudiced. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010).

As was shown above, the Plaintiffs have rigorously attempted to locate and serve Defendant Hernandez. Accordingly, should this Court not enter an order for service by publication, the Plaintiffs respectfully submit that an extension of time for service in this case is justified.

DATED:  February 21, 2014

ROBERTSON, JOHNSON, MILLER & WILLIAMSON
Bank of America Plaza
50 West Liberty Street, Suite 600
Reno, Nevada  89501
Telephone No. (775) 329-5600
Facsimile No.  (775) 348-8300

*/s/ G. David Robertson*
G. DAVID ROBERTSON, ESQ.
California State Bar No. 111984
Attorneys for EDWARD WARKENTINE
and DANIEL TANKERSLEY

**ORDER**

Having considered Plaintiffs' Ex Parte Application for an Order for Publication of Summons, Or, in the Alternative, for an Extension of Time to Serve the Summons and Complaint, and finding that service by publication is appropriate in this case,

IT IS HEREBY ORDERED that Plaintiffs shall effectuate service by publication in accordance with the procedures set forth by Cal. Civ. Proc. Code § 415.50.

IT IS SO ORDERED.

Dated:   February 24, 2014          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE