UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD WARKENTINE, DANIEL TANKERSLEY,<br><br>Plaintiffs,<br><br>v.<br><br>HECTOR J. SORIA, et al.,<br><br>Defendants. | Case No. 1:13-cv-01550-MJS<br><br>**NOTICE OF COURT'S INTENT TO SUMMARILY ADJUDICATE ISSUES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(f)**<br><br>**AND**<br><br>**ORDER SETTING DEADLINE FOR BRIEFING THEREON**<br><br>**TEN (10) DAY DEADLINE** |

Plaintiffs initiated this action September 25, 2013. They are proceeding on a second amended complaint filed June 2, 2014. Following disposition of the parties' cross-motions for summary judgment, Plaintiffs now proceed with their Fourth Amendment Search and Seizure and Fourteenth Amendment Due Process claims, as set forth in the Court's January 21, 2016, Order. The remaining issues are more fully delineated in the February 1, 2016, Pretrial Order. (ECF No. 114.)

Upon further consideration of the parties' cross-motions for summary judgment, the facts no longer in dispute, and discussion with counsel at the January 29, 2016 pretrial conference, it appears that certain issues may yet be summarily resolved even though no motion for summary adjudication has been made on those specific issues.

"District courts unquestionably possess the power to enter summary judgment sua sponte, even on the eve of trial." Norse v. City of Santa Cruz, 629 F.3d 966, 971 (9th Cir. 2010) (en banc); see also Cool Fuel, Inc. v. Connett, 685 F.2d 309, 312 (9th Cir. 1982) (holding that district courts may grant summary judgment sua sponte if the parties have had a "full and fair opportunity to ventilate the issues"). Rule 56(f) authorizes the Court to enter judgment sua sponte after giving notice and a reasonable time to respond. The reasonableness of the notice "'implies adequate time to develop the facts on which the litigant will depend to oppose summary judgment.'" Norse, 629 F.3d at 972 (quoting Portsmouth Square, Inc. v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985)).

Pursuant to these powers, the Court finds it prudent to invite the parties to submit argument and corresponding citation to legal authority as to why summary judgment should not be entered as follows:

1. For Plaintiffs on their Fourth Amendment seizure claim relating to the unfenced parcel (APN 013-152-27s).
2. For Defendants on their qualified immunity defense on Plaintiffs' post-deprivation procedural and substantive due process claims.

Accordingly, IT IS HEREBY ORDERED that the parties shall submit briefs within ten (10) days addressing the issues identified above.

IT IS SO ORDERED.

Dated:   February 2, 2016              /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE

2