UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD WARKENTINE, DANIEL TANKERSLEY,<br><br>Plaintiffs,<br><br>v.<br><br>HECTOR J. SORIA, et al.,<br><br>Defendants. | Case No. 1:13-cv-01550-MJS<br><br>**ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFFS' MOTION IN LIMINE**<br><br>**(ECF NO. 82)** |

## I. **INTRODUCTION**

Plaintiffs initiated this action on September 25, 2013, and are proceeding on a second amended complaint filed on June 2, 2014. Following disposition of the parties' cross-motions for summary judgment, Plaintiffs' Fourth Amendment Search and Seizure and Fourteenth Amendment Due Process claims remain, as specifically set forth in the Court's January 21, 2016, Order. (ECF No. 110). Trial in this case is currently scheduled for March 1, 2016.

Pending now is Plaintiffs' August 31, 2015, motion to preclude the City of Mendota, Krystal Chojnacki, Hector J. Soria, and Dan Gosserand ("the City Defendants") from offering expert testimony from Soria, Gosserand, and Gerry Galvin at trial. (ECF No. 82.) Plaintiffs argue that Defendants intend to improperly offer legal opinions and conclusions from these witnesses as to the legality of the City's abatement process in

this case. Plaintiffs also move to exclude expert testimony from Abraham Gonzalez and Felipe Gonzalez because these party witnesses did not offer expert opinions at their depositions and because their testimony would not satisfy Federal Rule of Civil Procedure 702's admissibility requirements.

## II.   **RELEVANT BACKGROUND**

Pursuant to the Court's July 14, 2014 Scheduling Order, initial expert disclosures were due January 9, 2015, and rebuttal disclosures were due February 9, 2015. (ECF No. 60.) Plaintiffs produced an initial disclosure on January 9, 2015, identifying both Plaintiffs as percipient / un-retained experts pursuant to Federal Rule of Civil Procedure 26(a)(2)(A). See Breternitz Decl. Ex. 1. The proposed testimony of the Plaintiffs is extensive and summarized as follows:

> This witness may testify regarding expert opinion(s) which the witness formed in the course of participating in events relevant to this litigation, including, without limitation, opinions regarding the conduct of each Defendant in this action toward the Plaintiffs, and each of them, as compared to the differing conduct of such Defendant(s) toward other similarly-situated persons and entities; the conduct of any person acting in their capacity as a representative of Defendant City of Mendota toward the Plaintiffs, and each of them, as compared to the differing conduct of such person(s) toward other similarly-situated persons and entities; the conduct, policies, practices and procedures of one or more Defendant(s); how Plaintiffs were regulated and treated by one or more Defendant(s) in comparison to other similarly-situated person(s) in the Mendota area;, the nature and extent of the regulatory enforcement imposed upon the Plaintiffs; the impact of Defendants' actions upon the Plaintiffs, their businesses and property rights; the ability of Plaintiffs, and each of them, to comply with various regulations being imposed by one or more of the Defendants; the nature and value of any property seized or otherwise removed or damaged by one or more of the Defendants; the harm caused to Plaintiffs, their businesses and/or their real or personal property by any such seizure, removal or damage to their property and the monetary value of such harm to Plaintiffs; whether certain agreements were entered into between Plaintiffs and one or more Defendant(s) and compliance by said Defendant(s) with such agreements; whether notice(s) of various alleged

violations by one or more Plaintiffs, among others, were properly given; whether a hearing on any such alleged violation(s) was properly held and complied with various laws, rules and regulations applicable to such hearing(s); the usefulness and viability of items characterized by one or more Defendant as junk, debris or inoperable vehicles; whether the Defendants' personal property removal efforts exceeded the scope of any warrant allegedly issued in relation thereto; whether property belonging to one or more Plaintiffs was later found in another location subsequent to the Defendants' seizure of same; whether one or more Defendants engaged in a policy, custom, or practice of intentionally and deliberately violating a policy or procedure of the City of Mendota or other governmental agency or otherwise established by law; whether any property of one or more Plaintiffs constituted a nuisance within the meaning of any applicable law; whether any applicable law sufficiently defined nuisance such that a person of ordinary intelligence - such as the Plaintiffs - could understand which items of their property fell within the definition of "nuisance" or not; whether one or more Defendants discriminated against the Plaintiffs, and, if so, whether any rational basis existed for such discrimination; and whether the Defendants had in place a statutorily proper policy, practice or procedure regarding the return or disposition of (and the notice of return or disposition of) any valuable personal property confiscated during nuisance abatement efforts and, if so, whether the Defendants complied with that policy, practice or procedure in this case.

The City Defendants did not prepare an initial expert disclosure. Instead, they disclosed five parties to this case as non-retained experts in a rebuttal disclosure. See Breternitz Decl. Ex. 2. Defendants identified Hector Soria, Dan Gosserand, and Gerry Galvin[1] to testify on the nuisance abatement process utilized by the City of Mendota. Each of these witnesses is "expected to testify that the procedures utilized by the City of Mendota in its nuisance abatement process in this case were non-discriminatory and met the requirements of local and state laws." They identified Abraham and Felipe Gonzalez of Gonzalez Towing to testify on the role they played in the nuisance

---

[1] Gerry Galvin was dismissed from this action on January 21, 2016. (ECF No. 110.)

abatement process as well as the condition and value of the property that was removed during the nuisance abatement process. Each of these witnesses is "expected to testify that the value of the property disposed of during the nuisance abatement did not exceed the cost of abatement."

Defendants Abraham Gonzalez, Felipe Gonzalez, and Gonzalez Towing & Tire Shop did not provide initial or rebuttal expert disclosures.

On August 6, 2015, Defendants Abraham and Felipe Gonzalez were deposed. Breternitz Decl. Exs. 3-4. During their respective depositions, neither Defendant offered any expert witness opinions.

On August 13, 2015, Plaintiffs Edward Warkentine and Daniel Tankersley were deposed. Fike Decl. ¶ 2. At these depositions, Plaintiffs' counsel produced a list of personal property that the Plaintiffs claim were taken during the nuisance abatements and the values for each item. Id. ¶ 3. This was the first evidence produced by the Plaintiffs offering an opinion as to the value of the items taken. Id.

## III. LEGAL STANDARD

A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child and Family Services, 115 F.3d 436,440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).

Under the Federal Rules, "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may

4

testify thereto in the form of an opinion or otherwise." Fed. R. Evid. 702. A party must disclose the identity of any expert witnesses, whether retained or non-retained, expected to testify at trial. Fed. R. Civ. P. 26(a)(2)(A). Disclosure of a non-retained expert "must state: (i) the subject matter on which the witness is expected to present evidence ...; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

## IV. ANALYSIS

Plaintiffs move the Court to exclude the proposed rebuttal expert testimony on multiple grounds: (1) the expert opinions do not satisfy Federal Rule of Civil Procedure 26(a)(2)(C)'s disclosure requirements; (2) those portions of the experts' proposed testimony that exceeds the scope of Plaintiffs' proposed testimony were not disclosed by the initial expert disclosure deadline set by the Court; (3) since there are not any new or unforeseen facts in this case, the defense witnesses should have anticipated the need for the proposed testimony and thus identified experts in their initial disclosures; (4) the proposed opinions of Soria, Gosserand, and Galvin are inadmissible legal conclusions; and (5) Defendants Hector and Felipe Gonzalez have not offered any expert opinions at their depositions.

Defendants contend this motion is premature. They argue that their disclosures were made to contradict or rebut evidence on the same general subject matters identified by Plaintiffs in their disclosures and which did not appear to require expert testimony. Regarding Plaintiffs' argument that the proposed testimony of Soria, Gosserand and Galvin should be precluded because their opinions are legal conclusions, Defendants assert that Plaintiffs themselves identify these areas as the subject of their expert testimony. Lastly, they argue that with respect to the proposed testimony of Abraham and Felipe Gonzalez, these Defendants did not offer opinion testimony during their depositions regarding the value of Plaintiffs' property because Plaintiffs did not produce a list of their valuation of their personal property until after

1  these Defendants were deposed.

2  Although the Court welcomes early *motions in limine*, some simply do not lend
3  themselves to resolution until the context for the objected-to testimony and perhaps even
4  the objected-to testimony are proffered at trial. Except as noted below, the issues raised
5  by the current *motion in limine* seem to fall within the just-described category: At this
6  point in this case, it is far from clear as to on which of the numerous subject matters the
7  parties intend to offer opinion testimony. Accordingly, except as otherwise provided
8  herein, the Court reserves ruling on the issues presented in this motion until if and when
9  they arise at trial.

10  However, the Court will address some issues it anticipates arising based on what
11  is before it now:

12  First, the Court will expect the parties to show compliance with the disclosure
13  requirements of the Federal Rules of Civil Procedure or, if there was a failure to comply,
14  to show good cause for, and a lack of prejudice to the other parties from, that failure.

15  Next, the information presented with this motion suggests a possible intent on the
16  part of one or more parties to provide opinion evidence as to law applicable to the events
17  in this case and whether it was followed or applied properly in the case.  Absent very
18  unusual circumstances, that will not be permitted. Such information will be presented, if
19  at all, via jury instructions and then addressed and resolved by the jury.  There will be no
20  opinion from any of the parties or their witnesses that invades the provenance of the
21  Court or the jury; there will be no testimony as to what the law was and whether it was
22  followed or not.  The parties and the witnesses may describe what they perceived, what
23  they and others did and, if relevant, why they did it. It is conceivable that may include
24  reference to what they believed were applicable guidelines and procedures, perhaps
25  even those established by law, but they may not express opinions on same.

26  Finally, the parties should be prepared to address via briefs and argument at trial
27  the propriety of various lay witnesses expressing opinions as to the value of property at

28

6

issue in this case.

**V.     CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' motion in limine (ECF No. 82) is denied without prejudice to its renewal at trial.

IT IS SO ORDERED.

Dated:     February 5, 2016                    /s/ *Michael J. Seng*
                                               UNITED STATES MAGISTRATE JUDGE

7